UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GANSKE,

        Petitioner,

v.

        CASE NO. 2:08-CV-14144
        HONORABLE PAUL D. BORMAN

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.    Introduction

This is a habeas case under 28 U.S.C. § 2254. Terry Ganske ("Petitioner") is a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan. He was convicted of four drug charges in the Presque Isle County Circuit Court and was sentenced to concurrent terms of 10 to 30 years imprisonment, seven to 20 years imprisonment, and two to four years imprisonment in 2006. Following sentencing, Petitioner pursued a direct appeal with the Michigan Court of Appeals, which ultimately affirmed his convictions. *See People v. Ganske*, No. 264004, 2007 WL 2811541 (Mich. Ct. App. Sept. 27, 2007) (unpublished). Petitioner states that he did not timely seek leave to appeal with the Michigan Supreme Court within 56 days of the Michigan Court of Appeals' decision. *See* Petition, pp. 4, 10; Memorandum, p. 3.

Petitioner, through counsel, has now filed the present petition for writ of habeas corpus

1

raising claims concerning the effectiveness of trial counsel, the loss or destruction of evidence, and the jury instructions. For the reasons set forth, the Court dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to bring in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he has not exhausted his habeas claims in the state courts by properly presenting them to the Michigan Supreme Court. Petitioner has an available state court remedy to challenge his convictions which must be exhausted before he seeks federal habeas review. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as

necessary.[1]

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon each of Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it

---

[1] Petitioner asserts that he filed a motion to vacate his convictions and sentences with the trial court pursuant to MCR 6.508 which was dismissed in 2006 for lack of jurisdiction because his appeal was pending. Such a non-prejudicial dismissal would not bar a second 6.500 motion.

3

debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 10, 2008.


s/Denise Goodine
Case Manager